IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PERYLN PERINE,

        Plaintiff,

  vs.                                                  No. CIV 97-1004 JC/LFG

DONALD A. DORSEY, Warden;
JAN THOMAS, Deputy Warden;,
LEWIS WEBER, Assoc. Warden of
Programs; MICHAEL OLIVER, Major/
Chief of Security; ANTONIO DIAZ,
Captain/Shift Supervisor,

        Defendants.

**MAGISTRATE JUDGE'S ANALYSIS
AND RECOMMENDED DISPOSITION[1]**

      This is a *pro se, in forma pauperis* civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Peryln Perine ("Perine"). Perine alleges that prison officials were aware of a planned assault on black prisoners by Anglo and Hispanic prisoners, but did nothing to prevent the assault. Perine names as Defendants, Donald Dorsey, Jan Thomas, Lewis Weber, Michael Oliver and Antonio Diaz. Plaintiff seeks compensatory damages of five-hundred thousand dollars. Perine alleges that on December 3, 1995, several prisoners were placed in administrative segregation due to an increase in racial tension between the Anglo and Hispanic prison population and the African-American prison population. He further claims that on December 4, 1995, case worker Steve Richards was told in

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

confidence by African-American prisoners about an incident that took place the previous weekend. Perine alleges Richards conveyed this information to an Anglo inmate and to Defendant Oliver. Perine alleges that he also told Defendants Dorsey, Thomas and Weber that there was a plan for a mass assault on the African-American prisoners. Perine further alleges that a confidential informant advised of the upcoming attack in writing. In particular, Perine claims the confidential informant gave a date (December 12, 1995), place (gym) and description of weapons. Perine alleges that when he entered the gym on that date, he passed through two metal detectors and that officers, wearing riot gear, were stationed outside. Perine states that Defendant Oliver was in the gym as were two officers with tear gas canisters. Perine asserts that Defendant Oliver was given the signal that the assault was to begin. Perine alleges that neither Defendant Oliver nor his fellow officers took any steps to end the conflict. Perine claims he was struck in the head, kicked several times and exposed to tear gas.

Perine also states that once the melee moved outside, he was hit by rocks thrown by the Anglo and Hispanic prisoners. Perine claims he was taken to the Memorial Medical Center located in Las Cruces, New Mexico for treatment. Finally, Perine alleges that the New Mexico State Police investigated the incident.

I reviewed Perine's complaint as well as Defendants' Answer filed December 12, 1997. I construed Perine's papers liberally, holding him to a less stringent standard than that required of a party represented by counsel. *See, e.g., Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).

The law makes clear that "the Eighth Amendment protects prisoners against cruel and unusual punishment, a right interpreted to impose a duty on prison official to protect prisoners in custody from violence at the hands of other prisoners." *Grimsley v. MacKay*, 93 F.3d 676 (10th Cir. 1996).

"Being violently assaulted in prison is simply not `part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer v. Brennan,* 114 S. Ct. 1970, 1977 (1994), (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  Plaintiff must show personal involvement or participation in the incident. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Supervisor status is not enough to support liability. *Id.*  Indeed, a supervisor is not liable unless an "affirmative link" exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

In *Riddle v. Trevino*, 83 F.3d 1197, 1204 (10th Cir. 1996), the United States Court of Appeals for the Tenth Circuit set forth the requisite elements of this claim:

> An Eighth Amendment claim for failure to protect is comprised of two elements.  First, an inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm."  [citation omitted].  Second, the inmate must establish that the prison official has "`sufficiently culpable state of mind'", i.e., that he or she is deliberately indifferent to the inmate's health or safety.  [citation omitted].  The prison official's state of mind is measured by a subjective, rather than an objective, standard.  [citation omitted].  In other words, the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." [citation omitted].

Here, based on Defendants' Answer, the Court is without an adequate factual basis to consider Perine's allegations under the above framework.  The Tenth Circuit has authorized the Court to require a Martinez Report to develop factual or legal bases. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  To assist the Court in evaluating Perine's claims, Defendants are directed to prepare for filing with the Court a Martinez Report that addresses the following:

1.  Submit all documentation concerning any information, including that provided by confidential informants, which was conveyed to caseworker Steve Richards about racial tensions

3

between the Anglo and Hispanic prison population and the Afro-Americans around December 3 and 4, 1995, and produce any reports relating to the basketball game set for December 12, 1995.  If there are documents responsive to this request, also provide any follow-up reports prepared by Richards. Identify any individuals Richards had a conversation with concerning any information given.

    2.  Submit a description of the security for the December 12, 1995 basketball game.  Identify if this is the type of security provided at every game and if it was different, explain the differences. Identify the guards who were working that day and where they were stationed.

    3.  Submit all documentation concerning any incidents which may have taken place December 12, 1995 at the gym.  Include any reports generated by the New Mexico State Police about said incident.

    4.  Submit any documentation concerning whether Perine was transported to the Memorial Medical Center following the incident at the gym.

The Martinez Report is due within thirty (30) days of date of entry of this analysis and recommendation.  Perine may file a response within fifteen (15) days of receipt of the report.  The report may be used by the Court for summary judgment purposes.

### Recommended Disposition

_____
Lorenzo F. Garcia
United States Magistrate Judge